### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Damis X. Ramirez aka Damis Gonzalez<br>Jason Torres<br>                                        Debtors | CHAPTER 13 |
| Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust<br>                                        Movant<br>vs. | NO. 17-18045 ELF |
| Damis X. Ramirez aka Damis Gonzalez<br>Jason Torres<br>                                        Debtors | 11 U.S.C. Sections 362 and 1301 |
| Jason Torres               Co-Debtor | |
| William C. Miller Esq.<br>                                        Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearages referenced in the motion have been cured, and Debtor(s) is/are current on post-petition loan payments through August 2018.

2. Debtor(s) shall maintain post-petition contractual monthly loan payments due to Movant going forward, beginning with the payment due September 1, 2018 in the amount of $1,153.50, which represents the regular monthly mortgage payment of $1,153.65 minus a suspense balance of $0.15.

3. In the event that the payments under Section 2 above are not tendered, the Movant shall notify Debtor(s) and Debtor(s) attorney of the default in writing and the Debtor(s) may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant immediate relief from the automatic stay, under which the stay provided by Bankruptcy Rule 4001(a)(3) is waived.

4. The stay provided by Bankruptcy Rule 4001(a)(3) is waived with respect to any Court Order approving of this stipulation and/or ordering relief per the terms agreed upon herein.

5. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

6. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

7. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the vehicle and applicable law.

Date:   September 21, 2018

By: /s/ Kevin G. McDonald, Esquire
Attorney for Movant

Date: 10/4/2018

Matthew L. Conley, Esquire
Attorney for Debtors

Date: 10/30/2018

William C. Miller, Esquire        NO OBJECTION
Chapter 13 Trustee                *without prejudice to any
                                  trustee rights or remedies.

Approved by the Court this ____ day of _____, 2018. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Eric L. Frank